**[J-89-2019] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,     :    No. 25 WAP 2018
                                                      :
       Appellant     :    Appeal from the Order of the
                                                      :    Superior Court entered October 31,
                                                       :    2017 at No. 1225 WDA 2016,
       v.                                   :    reversing the Judgment of Sentence
                                                       :    of the Court of Common Pleas of
                                                       :    Butler County dated August 4, 2016
JOSEPH DEAN BUTLER,               :    at No. CP-10-CR-0001538-2014
                                                       :    and remanding.
       Appellee       :
                                                           :    ARGUED: October 16, 2019

## CONCURRING OPINION

**JUSTICE MUNDY**                                     **DECIDED: MARCH 26, 2020**

I join the majority opinion's ultimate conclusion that "the [registration, notification, and counseling] requirements do not constitute criminal punishment and therefore the procedure for designating individuals as [sexually violent predators] under [42 Pa.C.S. §] 9799.24(e)(3) is not subject to the constitutional requirements of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)] and remains constitutionally permissible." Majority Opinion at 2. However, I write separately to note my disagreement with the majority's analysis of two factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), particularly whether the sanction imposes an affirmative disability or restraint and whether the sanction has been historically regarded as punishment. Accordingly, I respectfully concur on these points.

The majority first concludes that the registration, notification, and counseling requirements set forth in Subchapter H involve an affirmative disability or restraint based on our decision in *Commonwealth v. Muniz*, 164 A.3d 1189, 1211 (Pa. 2017). In *Muniz*, this Court determined that "the in-person reporting requirements, for both verification and changes to an offender's registration" amounted to a "direct restraint" weighing in favor of finding the sanction punitive. Majority Opinion at 23. The majority is inclined to find *Muniz* controlling on this point given that "[sexually violent predators] are subject to the same exact reporting requirements as the Tier III offenders at issue in *Muniz*." *Id.* However, I disagree that *Muniz* is dispositive and would instead apply our rationale in *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003) (*Williams II*).

In *Williams II*, this Court addressed whether the registration, notification, and counseling provisions of Megan's Law II applicable to persons deemed sexually violent predators constituted criminal punishment.[1] *Id.* at 968-69. In addressing the affirmative disability or restraint factor, this Court approved of lifetime registration and notification requirements explaining that they "[did] not significantly restrain registrants, who remain[ed] free to live where they choose, come and go as they please, and seek whatever employment they may desire." *Id.* at 973 (citations and quotations omitted). We also concluded that required monthly counseling sessions for life did not weigh in favor of finding the sanction punitive partly because the counseling requirements were designed "to assist[ ] the sexually violent predator, who is likely to be impulsive, irresponsible and burdened with poor behavioral controls, from relapsing into sexually predatory behavior." *Id.* at 975 (quotations omitted).

---

[1] The registration, notification, and counseling requirements under Subchapter H are nearly identical to those set forth in Megan's Law II.

In my view, our decision in *Williams II* supports a finding that the registration, notification, and counseling provisions under Subchapter H do not impose an affirmative disability or restraint. *Williams II* dealt squarely with the registration, notification, and counseling requirements applicable to those deemed sexually violent predators whereas *Muniz* did not. Indeed, the *Muniz* Court recognized this much when it rejected the Commonwealth's argument that "the *Williams II* Court found more onerous monthly counseling sessions for sexually violent predators were not an affirmative disability or restraint," emphasizing that the counseling requirements were designed to assist sexually violent predators who are "likely to be impulsive, irresponsible and burdened with poor behavior controls, from relapsing into sexually predatory behavior." *Muniz*, 164 A.3d at 1211 (citation and quotations omitted). It is thus clear that our Court has drawn a distinction between treatment of sexually violent predators and non-sexually violent predators, finding that the former may be subject to more onerous requirements by nature of their diagnoses with a dangerous mental abnormality. The enhanced public safety risks posed by such individuals warrants acceptance of the conditions applicable in this case notwithstanding our decision in *Muniz*. For this reason, I find *Muniz* inapposite to our assessment of this factor and would conclude that *Williams II* controls.

As for the second factor regarding whether the sanction has historically been regarded as punishment, I agree with the majority's ultimate conclusion that this factor does not weigh in favor of finding the registration, notification, and counseling requirements punitive. However, I disagree with its finding that the registration and notification provisions of Subchapter H are comparable to probation. Majority Opinion at 24-25. While I acknowledge that our decision in *Muniz* found the registration and reporting requirements of SORNA to be punitive, I continue to disagree with this finding for the reasons identified in Chief Justice Saylor's dissenting opinion. *See Muniz*, 164

A.3d at 1234 (C.J. Saylor, dissenting) ("I disagree that SORNA's [registration and reporting] requirements materially parallel the wide-ranging restrictions and oversight that demarcate probation as a historically recognized punishment. To the degree that there are coextensive aspects, they do not constitute the 'clearest proof' of punishment so as to override the Legislature's stated non-punitive intent.").[2]

For these reasons, I respectfully concur.

---

[2] I do, however, agree with the majority's conclusion that the counseling requirements do not resemble any other historical form of punishment although counseling may be imposed as a condition of probation in some instances. Majority Opinion at 25-26, n.15.